ACCEPTED
03-14-00068-CV
3607591
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/29/2014 4:32:41 PM
JEFFREY D. KYLE
CLERK

**APPEAL NO. 03-14-00068-CV**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/29/2014 4:32:41 PM
JEFFREY D. KYLE
Clerk

**COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS**

**AUSTIN, TEXAS**

_____

**LARRY MARK POLSKY, APPELLANT**

**VS.**

**THE STATE OF TEXAS, APPELLEE**

_____

**APPEAL FROM CAUSE NO. D-1-GV-13-000067**

**IN THE 126TH DISTRICT COURT OF TRAVIS COUNTY, TEXAS**

_____

**APPELLANT'S REQUEST FOR COURT TO TAKE JUDICIAL NOTICE**

**OF CAMERON COUNTY BEACH ACCESS AND DUNE PROTECTION**

**PLAN, PAGE 21, SECTION 4, (iii) – (xi)**

_____

**TO THE HONORABLE THIRD COURT OF APPEALS:**

COMES NOW, Appellant, Larry Mark Polsky, Esq., and moves this Honorable Court to take judicial notice of the attached Cameron County Beach Access and Dune Protection Plan, Page 21, Section 4, (iii) – (xi).

Please govern yourselves accordingly.

1

/s/ Larry Mark Polsky, Esq.
LARRY MARK POLSKY, ESQ.
State Bar No. 16105500
Law Office of Larry Mark Polsky
5508 Padre Blvd.
South Padre Island, Texas  78597
(956)  761-1529  Telephone
(956) 761-1599  Facsimile

## CERTIFICATE OF CONFERENCE

I certify that I attempted to conference Shelly Doggett, Esq. on December 29, 2014 at 12:15 p.m. and 12:18 p.m. and I received a reply stating that Ms. Doggett would be out of the office until January 5, 2015.

/s/ Larry Mark Polsky, Esq.
LARRY MARK POLSKY, ESQ.

## CERTIFICATE OF SERVICE

I certify that the original of this document was served on the Third Court of Appeals in Austin, Texas for filing by e-filing and copy by e-service to Shelly Doggett, Esq., P. O. Box 12548, MC-066, Austin, Texas  78711-2548 in accordance with the Texas Rules of Civil Procedure on the 29th day of December 2014.

/s/ Larry Mark Polsky, Esq.
LARRY MARK POLSKY, ESQ.

# CAMERON COUNTY



# BEACH ACCESS
# AND
# DUNE PROTECTION

condition in the original application.

c) A permit or certificate automatically terminates if construction comes to lie within the boundaries of the public beach by artificial means or by natural causes.

3. Administrative record.

The administrative record of official Commissioners' Court actions relative to permit and certificate applications shall be maintained within the minutes of the Commissioners' Court by the County Clerk as consistent with state law. The County Engineer shall keep the files relevant to applications and permitting for dune protection permits.

*Cameron County delegates the authority to the Town of South Padre Island and the City of Port Isabel to develop and implement a dune protection program for implementation within the Town's and City's corporate municipal limits only.*

4. Issuance or denials of dune protection permit.

a) To determine whether to issue or deny a permit, the Commissioners' Court or its designee should at least review and consider the following factors:

1) the information in the permit application

2) the proposed activity's consistency with this order and the General Land Office rules for management of the beach/dune system;

3) any other law relevant to dune protection which affects the activity under review;

4) the comments of the dune protection committee, the General Land Office, the Attorney General's Office, and the general public; and particularly:

i) cumulative and indirect effects of the proposed construction on all dunes and dune vegetation seaward of a dune protection line;

ii) cumulative and indirect effects of other activities on dunes and dune vegetation located on the proposed construction site;

iii) the pre-construction type, height, width, slope, volume, and continuity of the dunes, the pre-construction condition of the dunes, the type of dune vegetation, and percent of vegetative cover on the site;

iv) the local historical erosion rate as determined by the University of Texas at Austin, Bureau of Economic Geology, and whether the proposed construction may alter dunes and dune vegetation in a manner that may aggravate erosion;

v) all practicable alternatives to the proposed activity,

21

proposed site, or proposed methods of construction;

vi)    the applicant's mitigation plan for any unavoidable adverse effects on dunes and dune vegetation and the effectiveness, feasibility, and desirability of any proposed dune reconstruction and revegetation;

vii)    the impacts on the natural drainage patterns of the site and adjacent property;

viii)    any significant environmental features of the potentially affected dunes and dune vegetation such as their value and function as floral and faunal habitat or any other benefits the dunes and dune vegetation provide to other natural resources;

ix)    wind and storm patterns including a history of wash over patterns;

x)    location of the site on the flood insurance rate map;

xi)    success rates of dune stabilization projects in the area; and

6)    Any other information the Commissioners' Court considers useful, including resource information made available to them by federal and state natural resource entities. The Commissioners' Court may issue a permit only if it finds as a fact, after a full investigation, that the particular conduct proposed will not have a net effect to materially weaken any dune or materially damage dune vegetation or reduce the effectiveness of any dune as a means of protection against erosion and high wind and water (with or without mitigation). To find that there will be no such material weakening or damage, the Commissioners' Court must find that:

5)    Commissioners' Court will evaluate proposed projects to ensure that the following consequences will not result from the proposed activities:

a)    The activity will not result in the potential for increased flood damage to the proposed construction site or adjacent property;

b)    The activity will not result in runoff or drainage patterns that aggravate erosion on or off the site;

c)    The activity will not result in significant changes to the natural permeability of a dune or its ability to transmit rainwater to the water table;

d)    The activity will not disturb unique flora or fauna or result in adverse effects on dune complexes or dune vegetation; and

e)    The activity will not significantly increase the potential for washovers or blowouts to occur.

F.    GENERAL CONSIDERATIONS FOR PROTECTED DUNE AREAS

To minimize unavoidable adverse effects as required by Subdivision 3.D. of this section, permittees shall:

1.    locate non-exempt pipelines across previously disturbed areas, such as